226 F.3d 979 (8th Cir. 2000)
 Nader 2000 Primary Committee, Inc.; Ralph Nader; Winona LaDuke; Catherine Enyeart; Mark Dunlea, Plaintiffs - Appellants,
v.
Joyce Hazeltine, in her official capacity as Secretary of State for the State of South Dakota, Defendant - Appellee.
 No. 00-3101
 UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT
 Filed: September 21, 2000,
 
 Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 
 ORDER
 
 1
 South Dakota permits the name of an independent candidate for nonjudicial office to be placed on the general election ballot if the candidate timely submits to the Secretary of State a certificate of nomination containing the signatures of not less that one percent of the registered voters who voted for governor at the last gubernatorial election. See S.D. Codified Laws 12-7-1, 12-16-2 (Supp. 2000). Effective July 1, 1999, the South Dakota Legislature amended 12-7-1 to require that certificates of nomination be submitted by the third Tuesday in June, rather than the first Tuesday in August. To appear on this year's ballot, an independent candidate for President had to submit a certificate containing 2,602 registered voter signatures by June 20, 2000.
 
 
 2
 Ralph Nader and his running mate, Winona LaDuke, filed declarations of candidacy with the South Dakota Secretary of State on May 11, 2000. Their South Dakota campaign turned in nominating petition sheets on June 20, but the submission was defective in form and contained only 1,429 signatures, rather than the required 2,602. On July 31, the Nader campaign, the candidates, and their electors commenced this action challenging South Dakota's certificate-of-nomination deadline as an unconstitutional burden on Nader's access to the South Dakota ballot. Plaintiffs moved for a preliminary injunction ordering that Nader's name appear on the South Dakota ballot as a candidate for President. On August 25, the Nader campaign submitted to the Secretary of State additional signatures bringing the total submitted to 2,632. However, when the preliminary injunction motion was argued on August 28, the State advised that 753 signatures were invalid, meaning that the Nader campaign has submitted only 1,879 valid registered voter signatures. Plaintiffs do not dispute this determination.
 
 
 3
 The district court[1] granted plaintiffs motion for declaratory relief that the deadline in 12-7-1 is "unconstitutional as applied" to independent candidates for President, but the court denied their motion for a preliminary injunction placing Nader on the ballot because his campaign failed to submit the requisite number of registered voter signatures by late August, well past the prior statutory deadline. Plaintiffs appeal the order denying a preliminary injunction and move this court for an injunction pending appeal that would place Nader's name on the South Dakota ballot. Concluding that plaintiffs are not entitled to the requested preliminary injunctive relief, we deny their motion for an injunction pending appeal and summarily affirm.
 
 
 4
 Plaintiffs do not challenge the constitutionality of South Dakota's one-percent ballot-access requirement, and rightly so. "The State has the undoubted right to require candidates to make a preliminary showing of substantial support in order to qualify for a place on the ballot, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." Anderson v. Celebrezze, 460 U.S. 780, 788 n.9, 75 L. Ed. 2d 547, 103 S. Ct. 1564 (1983); accord American Party of Texas v. White, 415 U.S. 767, 789, 39 L. Ed. 2d 744, 94 S. Ct. 1296 (1974); Jenness v. Fortson, 403 U.S. 431, 442, 29 L. Ed. 2d 554, 91 S. Ct. 1970 (1971) (upholding 5% requirement). Instead, plaintiffs argue that the Nader campaign should be excused from complying with the one-percent requirement because the early filing deadline, combined with South Dakota's requirement that only registered voters may circulate petitions,[2] hampered their efforts to gather the requisite number of registered voter signatures. Like the district court, we reject this contention. Although the Nader campaign may have been burdened by these factors, it was clearly possible to gather the requisite number of signatures prior to the preliminary injunction hearing.[3] On August 29, the day after that hearing, official ballots were certified to the sixty-six county auditors in South Dakota. Those auditors have twenty-eight days to obtain printed ballots, and absentee voting is scheduled to begin September 26. In these circumstances, we deny the motion for an injunction placing Nader and his running mate on the South Dakota ballot because that relief would improperly excuse these candidates from the constitutionally valid one-percent requirement. We likewise decline to enter an injunction permitting the Nader campaign to meet the one-percent requirement at this late date because such an order would thoroughly disrupt the South Dakota election process, jeopardizing the First Amendment rights of South Dakota voters.
 
 
 5
 For the foregoing reasons, plaintiffs' motion for an injunction pending appeal is denied, and the district court's order denying their motion for a preliminary injunction is summarily affirmed. In addition to denying plaintiffs' motion for a preliminary injunction -- an order that is clearly appealable under 28 U.S.C. 1292(a)(1) -- the district court also granted declaratory relief on their claim that the certificate-of-nomination deadline in amended S.D. Codified Laws 12-7-1 is unconstitutional. Because the State has not cross-appealed that interlocutory order, it is not properly before us at this time, and we have not considered it. Mandate to issue forthwith.
 
 
 
 Notes:
 
 
 [1]
 The HONORABLE CHARLES B. KORNMANN, United States District Judge for the District of South Dakota.
 
 
 [2]
 South Dakota did not repeal this requirement until July 1, 2000, even though it was likely invalidated, at least in part, by the Supreme Court's decision in Buckley v. American Constitutional Law Found., Inc., 525 U.S. 182, 196-97, 142 L. Ed. 2d 599, 119 S. Ct. 636 (1999).
 
 
 [3]
 Indeed, relatively unknown Presidential candidate Howard Phillips submitted the requisite number of registered voter signatures by the June 20 filing deadline.